UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ATKINSON TRUCKING & LOGGING, ) | |
| INC. and ROBERT ATKINSON, ) | |
| ) | |
| Plaintiffs ) | |
| v. ) | No. 2:15-cv-202-JHR |
| ) | |
| BLANCHARD MACHINERY COMPANY ) | |
| d/b/a IRONMART, ) | |
| ) | |
| Defendant ) | |

### ORDER ON DEFENDANT'S MOTION IN LIMINE

The defendant moves *in limine* to preclude evidence or argument concerning lost profits, lost revenue, or cost of the machine that is the subject of this action. Defendant's Motion in Limine to Preclude Evidence or Argument Regarding Lost Profits, Lost Revenues or Cost of Machine ("Motion") (ECF No. 23). It also refers to "any alleged loss of the price or value of the feller buncher at issue in this lawsuit." *Id*. at 1. Further, it uses the terms "profits," "revenue," "cost," "price," and "value" interchangeably. I grant the motion to the extent unopposed, and otherwise reserve ruling pending trial.

The plaintiffs assert that they do not seek to recover for lost profit or revenue, Plaintiff[s'] Opposition to Defendant's Motion in Limine to Preclude Evidence or Argument Regarding Lost Profits, Lost revenues or Cost of Machine ("Opposition") (ECF No. 24) at 1. The motion is, accordingly, granted as to those two theories of recovery. The plaintiffs state that they will seek to recover only the "loss of the value of the machine at issue." *Id*.

The defendant complains that the individual plaintiff, as designee for the corporate plaintiff at its Rule 30(b)(6) deposition, testified that the claim for the cost of the machine was the same

thing as a claim for lost profits, and that the lost value of the machine was the same as the price actually paid for the machine, and produced documents showing that the machine was sold by the corporate plaintiff for more than the $110,000 that the corporate plaintiff paid for it. Motion at 3-6. Coupling these facts with its difficulties in scheduling and completing the deposition, the defendant contends that it is entitled to an order precluding the plaintiffs "from offering any evidence or argument for recovery of lost profits, loss of revenue or for the cost of the feller buncher." *Id*. at 7.

The plaintiffs respond that Atkinson, the individual plaintiff, should be able to testify as to the value of the feller buncher, however he defines it, and that objections to such testimony go only to its weight, not to its admissibility. Opposition at 2. They assert that Atkinson has already testified "as to the fact that the machine was essentially valueless[.]" *Id*. at 3.

This is a bench trial, and the court is capable of deciding whether particular evidence is admissible during the trial and, if admissible, the weight to be accorded to it. The defendant has not persuaded me that the plaintiffs should be barred from submitting any evidence about damages other than the cost of repairs performed on the machine. To the extent that the motion is not granted without objection as discussed above, my ruling on the motion is **RESERVED** pending trial.

Dated this 25th day of March, 2016.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge